

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## PD-0416-08

**JEFFERY LEN JACKSON, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE TWELFTH COURT OF APPEALS
SHELBY COUNTY**

*Per curiam.*

## O P I N I O N

Appellant pled guilty to aggravated sexual assault and was placed on deferred adjudication. His guilt was later adjudicated and he was sentenced to life imprisonment. His conviction and sentence were affirmed. *Jackson v. State*, No. 12-04-00077-CR mem. op. (Tex. App.–Tyler Dec. 14, 2005). In September 2007, appellant filed a pro se motion for DNA testing. The motion was denied, and appellant filed a timely notice of appeal. The trial court's certification indicates that appellant waived his right of appeal. The court of appeals

dismissed for lack of jurisdiction, based on the trial court's certification. Appellant has filed a petition for discretionary review in which he complains, in part, that the court of appeals erroneously dismissed for lack of jurisdiction.

There is nothing in the record to support the trial court's certification that appellant waived his right to appeal the court's ruling on his DNA motion. Given that appellant filed his motion pro se, and there is nothing to indicate that he appeared before the court on his motion and verbally waived appeal or filed a written waiver of appeal, the court of appeals should have abated this appeal and remanded to the trial court to demonstrate the basis for its certification that appellant waived appeal or to correct its certification. *Cf. Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005)(where certifications for appeal were correct in form but contrary to record, court of appeals was obligated to obtain new certifications from trial court); *see also Taylor v. State*, PD-1681-07 slip op. (Tex. Crim. App. Feb. 27, 2008); TEX. R. APP. P. 44.4.

We grant appellant's petition for discretionary review, vacate the judgment of the court of appeals, and remand to that court with instructions to abate the appeal and order appropriate findings by the trial court.

DELIVERED JUNE 25, 2008
DO NOT PUBLISH